(No. 2835—

BERNICE CORDES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed August 18, 1939.*

FRANK R. EAGLETON AND WILLIAM H. A. RUST, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For more than one year prior to March 24, 1935, claimant was in the employ of the respondent as an attendant at Chicago State Hospital, Chicago, Illinois, a State charitable institution. On the last mentioned date, while in the performance of her duties at the institution, she was attacked by a mental patient and was severely kicked in and about the right leg. As the result of such injuries, claimant was hospitalized at the institution from April 24th to May 15, 1935, and from May 27th to June 11, 1935. Subsequent to June 11, 1935 claimant was treated by her own physician, Dr. J. B.

Musselwhite, who continued to treat her from June 16th to December 7, 1935.

After December 7, 1935 claimant received no treatments until 1938. Dr. Musselwhite gave her two treatments the early part of 1938, and on or about May 5, 1938, at the request of Dr. Dombrowski, Managing Officer of the Chicago State Hospital, claimant was examined by Dr. Goldstein of the Chicago State Hospital, Dr. Conley of the Cook County Hospital, and Dr. Miller of the Orthopedic Clinic of the Cook County Hospital. In the opinion of Dr. Goldstein, claimant has sustained the permanent loss of 20 per cent of the use of the right leg. The conclusions of the other examining physicians do not appear in the record.

Claimant contends that she is entitled to compensation for 64 weeks temporary total disability; 109 weeks total permanent disability; such amount as the court deems proper for partial permanent disability; and $128.00 for medical attention.

Compensation for temporary total disability is awarded for the time which is usually known as the healing period, that is to say, "The period during which medical treatment is given to cure and relieve the injured employee from the effects of the injury. It is usually considered to terminate at the time the attending physician discharges the employee as cured, or as having recovered, as far as possible, from the effects of the injury"—*Angerstein* 1930 Ed. P. 486, Sec. 264. In this case the claimant was under the care of a physician practically all of the time from April 22d to December 7, 1935; subsequent to that time she received no medical treatment until 1938. It would seem, therefore, that her condition on December 7, 1935 was such that no further improvement was anticipated, and we may take that date as the end of the period of temporary total disability.

The only permanent disability sustained by the claimant resulted from the injury to her right leg. The complete loss of the use of a leg, or any partial loss of the use thereof, is known as a specific loss, and any disability resulting from the injury to claimant's right leg must be considered as a specific loss and compensated in accordance with the provisions of Paragraph (e) of Section 8 of the Compensation Act. The injury to the claimant being confined to her right leg, she is not entitled to compensation for any permanent disability other than the disability to her right leg.

The respondent objects to payment for the services of Dr. Musselwhite in the amount of $128.00. Inasmuch as respondent was not in position to furnish to the claimant at the institution, such treatments as were required, and did not offer to furnish them elsewhere, she is entitled to be compensated for the reasonable expense she was put to for such treatments. The bill of Dr. Musselwhite, however, covers items aggregating $30.00 which were incurred between July 18th and October 1st, 1938, long after the condition of the patient became permanent, and such items are not a proper charge against the respondent.

From a consideration of all of the evidence in the record the court finds as follows:

1. That on March 24, 1935, claimant and respondent were operating under and bound by the provisions of the Workmen's Compensation Act of this State.

2. That on said date the claimant sustained accidental injuries which arose out of and in the course of her employment.

3. That notice of the accident was given and claim for compensation on account thereof was made within the time required by the Compensation Act.

4. That the claimant's annual earnings were $583.20, and her average weekly wage was $11.21.

5. That claimant at the time of the injury was 42 years of age, and had no children under the age of 16 years.

6. That the necessary first aid, as well as all medical, surgical and hospital services to June 11, 1935, were furnished by the respondent; that all necessary medical services since June 11, 1935 were furnished by the claimant; that said services were fairly and reasonably worth $98.00.

7. That claimant was temporarily totally disabled from April 22, 1935 to December 7, 1935, and has also sustained the permanent loss of 20 per cent of the use of her right leg.

8. That claimant is therefore entitled to have and receive from the respondent for temporary total disability as aforesaid the sum of $7.50 per week for 32 5/7 weeks commencing April 29, 1935, to-wit, the sum of $245.36, in accordance with the provisions of Paragraph (b) of Section 8 of the Workmen's Compensation Act, as amended; and is also entitled to have and receive from the respondent the further sum of $7.50 per week for 38 weeks for the permanent loss

of 20 per cent of the use of the right leg, to-wit, $285.00, in accordance with the provisions of Paragraph (e) of Section 8 of the Workmen's Compensation Act; and is also entitled to have and receive from the respondent for the use of Dr. J. B. Musselwhite, the sum of $98.00 for medical services rendered by him as aforesaid; that all of such compensation has accrued prior to this date.

Award is therefore entered herein as follows:

To Bernice Cordes, compensation as aforesaid...................:.......... $530.36
To Bernice Cordes, for the use of Dr. J. B. Musselwhite............   98.00

Total ................................................. $628.36

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Session Laws 1937 page 83), and being subject further to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Moneys Until the Expiration of the First Fiscal Quarter after the Adjournment of the Next Regular Session of the General Assembly" (Senate Bill 123 as amended) approved July 8, 1939;—and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given made payable from the appropriation from the General Revenue Fund in the manner provided for⊙ by the foregoing Acts.